IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK, as trustee for REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-12,<br><br>    Plaintiff,<br><br>v.<br><br>RANDIP GREWAL, et al.,<br><br>    Defendants. | Case No. 3:19-cv-01095-M (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Objection to Removal and Motion to Remand (ECF No. 6), seeking to remand this action to state court and requesting that the Court impose a pre-filing injunction on Defendants requiring them to obtain the Court's permission before filing subsequent actions regarding the subject property, located in Irving, Texas (the "Property"). For the reasons stated, the Court should GRANT the Motion to Remand.

Defendants Randip Grewal, Reginald Perkins, Parvinder Grewal, and all occupants of the Property (together, "Defendants"), removed this civil action arising out of eviction proceedings brought by Plaintiff the Bank of New York Mellon ("Plaintiff") in Dallas County Justice of the Peace Court, Precinct 4, Place 2, to federal court on diversity-jurisdiction grounds. The Court issued an Order

1

and Notice of Deficiency on May 10, 2019, *sua sponte* questioning whether it had diversity jurisdiction over the case and instructing Defendants to respond, no later than June 7, 2019, by filing evidence establishing that the value of the right to occupy or possess the property at issue exceeds the $75,000.00, statutory amount in controversy. Order 2 (ECF No. 5). Additionally, the Court invited Plaintiff to advise the Court whether it objected to removal and intended to move for remand based on Defendants' allegations of Texas citizenship in violation of the "forum-defendant rule." Order 3*; see* 28 U.S.C. § 1441(b)(2). Plaintiff filed the pending Motion to Remand in response to that invitation. Defendants did not file a substantive response to the May 10, 2019 Order, and instead filed a motion seeking an additional 30 days to file such a response.[1]

Plaintiff points out in its Motion that this is the second time Defendants have attempted to remove this action to federal court on the basis of diversity jurisdiction. Mot. 4. Indeed, Defendants have already attempted to remove this case, and the Court has already remanded it. *Bank of N.Y. Mellon v. Grewal*, No. 3:18-cv-3032-L, doc. 9 at 9 (N.D. Tex. Apr. 8, 2019). Previously, the Court found that it did not have diversity jurisdiction because "Defendants [had] not satisfied their burden of establishing that the amount in controversy exceed[ed] $75,000," since they "provided no evidence as to the value to them of the right to immediate

---

[1] The Court has denied Defendants' request for an extension by separate Order, but—as set forth in that Order—has extended the deadline for Defendants to file objections to these findings, conclusions, and recommendation to July 8, 2019.

2

possession or occupancy of the Property." *Id.* 8. Defendants contended that "the fair market value is what the court is required to use to determine whether the jurisdictional threshold has been met," and because "the fair market value of the Property [was] $250,000," the amount in controversy requirement was satisfied. *Id.* 7. The Court, however, correctly stated that the amount in controversy is properly determined by the value of the right to immediate occupancy or possession of the Property and not the fair market value. *Id.*; *see, e.g., Fed. Nat'l Mortg. Ass'n v. Talley*, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *adopted by* 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012) (citing *Fed. Nat'l Mortg. Ass'n v. Loving*, 2011 WL 2517267, at *4 (N.D. Tex. June 23, 2011); *Deutsche Bank Nat'l Trust Co. v. Lee,* 2010 WL 5441673, *2 (N.D. Tex. Dec. 23, 2010); *Deutsche Bank Nat'l Trust Co. v. Thompkins*, 2010 WL5912610, at *2 (N.D. Tex. Dec. 17, 2010)). Now, Defendants again argue that the amount in controversy is satisfied because the Property's fair market value exceeds $75,000 and offer no proof regarding the value of the right to immediate occupancy or possession of the Property. Notice 2 (ECF No. 3). Thus, the amount in controversy requirement has not been met, and the Court does not have diversity jurisdiction over the matter.

    In addition to arguing that Defendants have not sufficiently established the amount in controversy for diversity jurisdiction, Plaintiff objects to removal on the ground that doing so violates the "forum-defendant rule." Mot. 7. In the Court's April 8, 2019 Memorandum Opinion and Order regarding Defendants' previous removal attempt, the Court found that even if it had "subject matter jurisdiction

3

based on diversity of citizenship, removal of this case is procedurally improper because the removal statute does not permit a case to be removed from state to federal court if any defendant is a citizen of the state in which the action is brought." *Bank of N.Y. Mellon*, No. 3:18-cv-3032-L, doc. 9 at 8 (citing 28 U.S.C. § 1441(b)(2)[2]; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985)). Defendants previously stated that they are citizens of Texas; they also presently claim Texas citizenship. *Id.*; Notice 2. Thus, because Defendants are citizens of the State in which the action is brought, their present attempt to remove this action—like their first—violates the forum-defendant rule, resulting in a procedural defect barring removal. *See* 28 U.S.C. § 1441(b)(2); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993) ("[S]tatutory restriction against removal is not a matter of substantive jurisdiction, but rather a procedural defect."). Plaintiff properly raised this objection within 30 days of removal. *See In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 393 (5th Cir. 2009) (citation omitted) ("The removal in violation of § 1441(b) was thus a *defect in removal procedure,* which our court found to be waived, because the plaintiffs failed to move for remand within the requisite 30–day period." (emphasis in original)). Therefore, this procedural defect serves as an alternate ground for granting Plaintiff's Motion to Remand.

---

[2] 28 U.S.C. § 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

## RECOMMENDATION

Because Defendants failed to establish that the Court has diversity jurisdiction over this matter and removal is barred by 28 U.S.C. § 1441(b)(2), the Court should GRANT Plaintiff's Motion to Remand (ECF No. 6) and REMAND this action to the Justice of the Peace Court, Precinct 4, Place 2, Dallas County, Texas. The Court should direct the Clerk of Court to effect this remand in accordance with the usual procedure. Additionally, because the Court lacks jurisdiction, it should decline to consider Plaintiff's request for a pre-filing injunction.

**SO RECOMMENDED**.

June 11, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections **no later than July 8, 2019**. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).